[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR TEMPORARY INJUNCTION
The intervening plaintiff in this action, William B. McGregor has filed a motion for a temporary injunction to restrain the defendant from filing an application with the Connecticut Department of Environmental Protection for a permit to construct a Permanent Transfer Station on the site of its closed landfill.
The underlying suit is an action commenced by the Commissioner of Environmental Protection against the Town of Roxbury regarding alleged water pollution emanating from a solid waste disposal area located off Tower County Road in the Town of Roxbury. The plaintiff is a resident of said town, residing at 63 Tower County Road, Roxbury.
The plaintiff had filed an independent action against the Town CT Page 8913 of Roxbury on December 18, 1990 returnable to the Superior Court for the Judicial District of Litchfield. The present action was commenced by the Commissioner on January 10, 1991 in the Judicial District of Hartford-New Britain.
The plaintiff moved to intervene in this action, which motion was granted. On March 22, 1991 the plaintiffs action in the Superior Court, Litchfield was transferred to the Superior Court, Hartford.
The present action was commenced by the Commissioner to enforce a closure order issued by the Commissioner on July 18, 1990. That order was based upon a determination by the Commissioner that the operation of the landfill was in violation of administrative regulations and operational standards, including grading of slopes in excess of 1:3 (one vertical on three horizontal.)
On March 2, 1992 the plaintiff Commissioner and the Defendant Town of Roxbury filed a Motion For Judgment In Accordance With Stipulation. The Court, M. Hennessey, J., granted the motion for judgment. The stipulation incorporated by reference the closure plan which had been submitted to the Commissioner and approved January 18, (28), 1991.
The closure plan as approved by the Commissioner approved a steeper slope grade, 2:1 rather than 3:1. The regulations allow for approval of steeper grades and the Commissioner set forth his reasons for approving the steeper grade.
The closure plan also defines an area for a future transfer station. A transfer station is a facility where waste is deposited temporarily in preparation for a subsequent transfer of material to a different location removed from the existing landfill area. A temporary transfer station has been in operation on this site since the time of closure of the land fill activity.
The intervening plaintiff Mr. McGregor did not sign the stipulation and was in opposition to the stipulation for judgment.
The intervening plaintiff files this motion for a temporary injunction to restrain the defendant Town of Roxbury from filing an application with the State of Connecticut Department of Environmental Protection for a permit to construct and operate a permanent transfer station on the site.
The essence of the plaintiff's argument is that if the permanent CT Page 8914 station is built on the site and if it is ultimately determined that a more gradual slope, i.e., 3:1 rather than 21 is required the Town will not have sufficient land to decrease the slope angle because the land needed to decrease the slope will be occupied by the permanent transfer station. The plaintiff further argues that to oppose the application at the DEP hearing would be futile for regardless of the evidence at such heating the Commissioner will merely grant the application because "the DEP has already decided that a 2:1 slope is legally proper AS far as the DEP is concerned" and "therefore, the DEP is without basis for denying the defendants intended application to construct a permanent transfer station on the landfill. . . ." The plaintiff claims that "it would be futile to intervene in any administrative proceedings" as "the ratio of the landfill slopes has already been determined by the DEP as per its Order dated January 28, 1991." Hence the plaintiff claims that he has no adequate remedy at law, and that he has no administrative remedies to exhaust.
Connecticut General Statutes 22a-19 gives to a person the right to intervene in administrative proceedings involving the subject of this dispute. Conn. Gen. Stats. 4-177a allows parties to intervene in administrative hearings. Connecticut Agency Regulations provide for public notice of the existence of a petition and the right to be heard on the application. The plaintiff, properly, does not contest the fact that he has the right to intervene in the administrative hearing.
"When an administrative remedy is provided by law, relief must be sought by exhausting this remedy before resort to courts." Laurel Park, Inc. v. PAC, 194 Conn. 677, 684.
The plaintiff contends that if the hearing is held and approval is given by the agency the transfer station will be build and the law will be powerless to rectify any environmental problems because of "the building costs thereby incurred" by the town. This argument also fails. The plaintiff as an intervenor in the administrative proceeding has a right to appeal. Conn. Gen. Stats.4-183. The statute further provides, in conjunction with such appeal "an application for a stay may be made to the agency, to the court or to both." Also, see Laurel Park, Inc. v. PAC, supra, p. 686. Further the Town, similar to any private citizen, is not insulated from being required to take whatever action is necessary to resolve environmental problems which might develop in the future regardless of the fact that it may have expended sums for construction of such facility. CT Page 8915
Two and three quarter years have passed since the closure order. The order required ground water monitoring. Erosion considerations were a factor in determining the terms of the closure order. It is assumed that the intervening years will furnish additional evidence as to the viability of the terms of the closure order. "Since agency decisions are frequently of a discretionary nature or require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise." Carrata v. Department of Environmental Protection, 215 Conn. 616,627.
The motion for temporary injunction is denied.
Sullivan, J.